# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2010AP1576-D & 2011AP1764-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against  Jeffrey A. Reitz, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| |       Complainant-Respondent, |
| |   v. |
| | Jeffrey A. Reitz, |
| |       Respondent-Appellant. |

DISCIPLINARY PROCEEDINGS AGAINST REITZ

| | |
|---|---|
| OPINION FILED: | February 4, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

**2015 WI 9**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2010AP1576-D
2011AP1764-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Jeffrey A. Reitz, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant-Respondent,**

    **v.**

**Jeffrey A. Reitz,**

      **Respondent-Appellant.**

**FILED**

**FEB 4, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY reinstatement proceeding. *Reinstatement granted.*

¶1 PER CURIAM. We review a report filed by referee Christine Harris Taylor, recommending that the court reinstate the license of Jeffrey A. Reitz to practice law in Wisconsin. After careful review of the matter, we agree that Attorney Reitz's license should be reinstated, with conditions. We also agree with the referee that Attorney Reitz should be required to pay the full costs of this proceeding, which are $2,701.40 as of November 21, 2014.

¶2 Attorney Reitz was licensed to practice law in Wisconsin in 1981 and practiced in Milwaukee. His license was suspended for a period of ten months, commencing on May 3, 2013, for multiple counts of misconduct, primarily related to his mishandling of his trust accounts and client funds. He had previously been disciplined on two prior occasions.

¶3 On February 11, 2014, Attorney Reitz filed a petition for the reinstatement of his license to practice law in Wisconsin. The Office of Lawyer Regulation (OLR) filed a response on July 31, 2014. The OLR did not oppose the petition for reinstatement but recommended that conditions be imposed upon Attorney Reitz's resumption of the practice of law.

¶4 A public hearing was held in the matter on September 24, 2014. The referee filed her report and recommendation on October 29, 2014.

¶5 Supreme Court Rule (SCR) 22.31(1) provides the standards to be met for reinstatement. Specifically, the petitioner must show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest, and that he or she has complied with SCR 22.26 and the terms of the order of suspension. In addition to these requirements, SCR 22.29(4)(a)-(4m) provides additional requirements that a petition for reinstatement must show. All

of these additional requirements are effectively incorporated into SCR 22.31(1).

¶6 When we review a referee's report and recommendation, we will adopt the referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747.

¶7 We conclude that the referee's findings support a determination that Attorney Reitz has met his burden to establish by clear, satisfactory, and convincing evidence that he has met all of the standards required for reinstatement. The referee found that Attorney Reitz has not practiced law during the period of his suspension; that he has fully complied with the terms of the order of suspension; that he has maintained competence and learning in the law; that his conduct since the suspension has been exemplary and above reproach; and that he has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will act in conformity with those standards. The referee found that Attorney Reitz can safely be recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts. The referee also found that Attorney

Reitz has fully complied with the requirements as set forth in SCR 22.26.

¶8 The referee noted that the OLR's investigation revealed no information that Attorney Reitz failed to meet his burden to show that he has met all of the requirements required for the reinstatement of his license. The referee also noted that this court's suspension order provides that, upon his resumption of the practice of law, Attorney Reitz's trust account shall be subject to monitoring by the OLR for a period of two years. The referee found this condition of reinstatement to be well-founded. The OLR had also recommended that, as an additional condition of reinstatement, Attorney Reitz be required to work under the supervision of an attorney under SCR 20:5.1 or, at a minimum, that he be monitored by an attorney who works in the area of bankruptcy. The referee said this condition of reinstatement was unfounded and unsubstantiated by the testimony presented at the reinstatement hearing.

¶9 From our review of the matter, we agree with the referee that having the OLR monitor Attorney Reitz's trust account for a period of two years after he resumes the practice of law is a sufficient condition of reinstatement and that the additional condition suggested by the OLR is unnecessary.

¶10 It is this court's general practice to assess the full costs of a proceeding against a respondent. See SCR 22.24(1m). In order to award something less than full costs, the court must find extraordinary circumstances. We find no extraordinary

4

circumstances here, and we find it appropriate to assess the full costs of the proceeding against Attorney Reitz.

¶11 IT IS ORDERED that the license of Jeffrey A. Reitz to practice law in Wisconsin is reinstated, effective the date of this order, subject to the condition that upon his resumption of the practice of law, his trust account shall be subject to monitoring by the Office of Lawyer Regulation for a period of two years.

¶12 IT IS FURTHER ORDERED that within 60 days of the date of this order, Jeffrey A. Reitz shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $2,701.40.

¶13 IT IS FURTHER ORDERED that compliance with all of the terms of this order remain a condition of Jeffrey A. Reitz's license to practice law in Wisconsin.